UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | CV 12-8744-CAS (PJWx) | Date | December 27, 2012 |
|---|---|---|---|
| Title | WELLS FARGO BANK, N.A. V. ROBERTO PERAZA, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Not present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not present | Not present |

**Proceedings:** (In Chambers:) ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT

On April 23, 2012, plaintiff Wells Fargo Bank, N.A., filed an unlawful detainer action in Los Angeles County Superior Court against *pro se* defendants Roberto Peraza, Vilma Cristina Peraza, and Does 1 to 10, inclusive. Dkt. No. 1.

On October 12, 2012, defendants filed a notice of removal to this Court pursuant to 28 U.S.C. § 1446. Defendants contend that this Court has jurisdiction because, *inter alia*, mortgages and the securitization thereof are regulated by various federal laws, including the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq., the Truth in Lending Act ("TILA"), 12 U.S.C. § 1601 et seq., and the Equal Opportunity Act ("ECOA"), 15 U.S.C. § 1691 et seq. See Dkt. No. 1. Defendants further argue that removal is proper because all state court judges in California hold an interest in mortgage backed securities though the "Judicial Retirement System" for California state employees. Id. ¶ 6. The Court issued an Order to Show Cause why this case should not be remanded on November 20, 2012. Dkt. No. 5. To date, defendants have not filed a response to this order.

As an initial matter, the Court finds the notice of removal to be untimely. Pursuant to 28 U.S.C. §1446(b), a notice of removal in a civil action must be filed within thirty days after the defendant receives a copy of the complaint or summons. Here, the action was initiated on April 23, 2012, yet defendants did not remove until October 12, 2012.

Furthermore, the law is clear that "[u]nlawful detainer actions are strictly within the province of state court." Federal Nat'l Mort. Assoc. v. Suarez, 2011 U.S. Dist. LEXIS 82300, *6 (E.D. Cal. Jul. 27, 2011); Deutsche Bank Nat'l Trust Co. v. Leonardo, 2011 U.S. Dist. LEXIS 83854, *2 (C.D. Cal. Aug. 1, 2011) ("[T]he complaint only

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | CV 12-8744-CAS (PJWx) | Date | December 27, 2012 |
| Title | WELLS FARGO BANK, N.A. V. ROBERTO PERAZA, ET AL. | | |

asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law."). A defendant's attempt at creating federal subject matter jurisdiction by adding federal claims or defenses to a notice of removal must fail. See McAtee v. Capital One, F.S.B., 479 F.3d 1143, 1145 (9th Cir. 2007).

    Here, the only claim asserted by plaintiff is for unlawful detainer against defendants. See Dkt. No. 1. Defendants cannot create federal subject matter jurisdiction by adding claims or asserting defenses, and defendants offer no other cognizable theory supporting this Court's jurisdiction over this case. McAtee, 479 F.3d at 1145. Accordingly, the Court lacks subject matter jurisdiction and must remand. Suarez, 2011 U.S. Dist. LEXIS 82300 at *6.

    In accordance with the foregoing, this case is hereby REMANDED to the Los Angeles County Superior Court.

    IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |